### VOCK v. AUTERBORN et al.

(Supreme Court, Appellate Term. April 11, 1910.)

ACTION (§ 38*)—JOINING TWO CAUSES OF ACTION.
The complaint alleged that defendant violently assaulted and beat plaintiff, causing him great pain, and disabling him from attending to his business, and compelling him to pay a certain sum for medical attendance, "and damaging his clothes, so as to render them valueless," and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

otherwise injuring him, to his damage, etc. *Held*, that the complaint did not allege a cause of action for damage to personalty, in addition to one for assault; the quoted words being merely descriptive of plaintiff's condition after the assault, and surplusage.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

Appeal from City Court of New York, Special Term.

Action by Edward D. Vock against Albert Auterborn and another. From an order vacating and setting aside as to one defendant an order of arrest (122 N. Y. Supp. 1023), plaintiff appeals. Reversed, and order of arrest reinstated.

See, also, 122 N. Y. Supp. 235.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Charles A. Taussig, for appellant.

William E. Morris, for respondent.

PAGE, J. This is an appeal by plaintiff from an order vacating and setting aside, as to defendant Auterborn, an order of arrest issued against both defendants on January 25, 1910.

The principal point raised by the defendant in his application to have the order of arrest vacated was that two causes of action are improperly united in one count in the second paragraph of the complaint; that therefore the complaint is demurrable for misjoinder, and, being so demurrable, the order of arrest may be vacated, under section 558 of the Code, because it fails to state facts sufficient to constitute a cause of action within the provisions of section 549 of the Code. From the opinion of the learned judge at Special Term, who granted this motion to vacate the order of arrest, it is apparent that the contention of the defendant was sustained below.

Without passing upon the apparent non sequitur which would seem to arise from the assertion that a complaint which is demurrable for misjoinder must therefore be also demurrable for insufficiency, we are unable to agree with the learned court below that this complaint is demurrable for misjoinder. The language alleged to be thus objectionable is set forth in the second paragraph of the complaint and is as follows:

"That * * * the defendants violently assaulted, struck, kicked, and beat the plaintiff, blackening plaintiff's eyes, breaking his nose, cutting his lips, and otherwise bruising and injuring the plaintiff in various parts of his face and body, and causing great pain and suffering to plaintiff, making him ill and lame thereafter, and disabling him from attending to his business for eight days thereafter, and compelling him to pay three dollars for medical attendance, *and damaging his clothes so as to render them valueless*, and otherwise injuring plaintiff, all to his damage to the sum of two thousand dollars."

The words in italics (the italics being ours) are asserted by defendant to set forth a cause of action for damage to personal property, which is improperly joined, as he alleges, with the action for assault. Even if such joinder were improper, we do not think the italicized words set forth any such cause of action. The words referred to are

nothing more than descriptive of the plaintiff's condition after the assault had been made. They are simply evidential, and constitute nothing more than surplusage. There is here no misjoinder, since but one cause of action is alleged, and only one could be proved from this complaint.

The other two grounds, as to the form and sufficiency of the surety, are mere trivialities. The bond was entirely correct as to form, and was duly approved, both for form and sufficiency, as provided by section 812 of the Code.

The order vacating the order of arrest as to the defendant Auterborn must be reversed, with $10 costs and disbursements, and the order of arrest reinstated. All concur.